UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-61076-BLOOM/Otazo-Reyes

NUBIA RINCON SOTO,

    Plaintiff,

v.

TACOS DAVIE, CO., *et al.*,

    Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Tacos Davie, Co., Juan Cedeno, and Jill Palumbi's ("Defendants") Motion to Dismiss Because of Lack of Subject Matter Jurisdiction, ECF No. [15] (the "Motion"). Plaintiff Nubia Rincon Soto ("Plaintiff") filed a Response, ECF No. [16], to which Defendants filed a Reply [ECF No. 19]. The Court has carefully reviewed the Motion, the record, the applicable law, and is otherwise fully advised. For the following reasons, Defendants' Motion is denied.

### I.    Background

On April 11, 2022, Plaintiff filed a Complaint in the Seventeenth Circuit, Broward County, against Defendants for allegedly failing to pay wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Florida Minimum Wage Act. ECF No. [1-2] at 8-9. On June 7, 2022, Defendants removed the case to federal court. ECF No. [1].

According to Plaintiff's Complaint, the Defendants paid her below Florida's minimal wage, unlawfully deducted her tips, and denied her overtime pay. ECF No. [1-2] at 12. She brings six claims against under the FLSA and three under the FMWA. *Id.* at 13-15. She requests judgment

in her favor, actual damages, liquidated damages, attorneys' fees and costs, and all recoverable interest. *Id*.

In an email dated July 5, 2022, Plaintiff's counsel sent Defendants' counsel a request for settlement that included estimated values of Plaintiff's claims. ECF No. [15-2]. Defendants attached a redacted version of that email as an exhibit to their Motion. *Id*. The same day that Defendants apparently received Plaintiff's email, July 5, 2022, Defendants sent Plaintiff a check for $1,427.00, along with a letter stating that they do not admit liability. ECF No. [15-3]. Plaintiff's counsel has neither negotiated nor returned the check. ECF No. [19] at 4.

After mailing the check, Defendants immediately filed the instant Motion. ECF No. [15]. They contend that this case should be dismissed as moot because Defendants' tender of $1,427.00 constitutes "full relief" for Plaintiff. ECF No. [15] at 1-2. Defendants assert that no settlement has been reached, and they deny liability, but they nonetheless consent to the Court "reserving jurisdiction to award reasonable fees and costs. if any." *Id*. at 4.

## II.     Legal Standard

If at any point a district court determines that it lacks subject-matter jurisdiction, "the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. Pro. 12(h)(3). Attacks on subject-matter jurisdiction come in two varieties: Facial attacks challenge the face of the pleadings, while factual attacks challenge jurisdiction as a matter of fact, regardless of the allegations in the pleadings. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "In resolving a factual attack, the district court may consider extrinsic evidence[.]" *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir.2003).

District courts may only exercise jurisdiction over "cases" or "controversies." U.S. Const. art III. Accordingly, "a federal court has no authority to give opinions upon moot questions[.]"

*Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quotation marks omitted). "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (quotation marks omitted).

### III.   Discussion

Defendants argue that this case is moot because they offered Plaintiff full relief by sending a check for $1,427.00 and consenting to a reasonable award of attorney's fees. ECF No. [19] at 3. Plaintiff opposes dismissal, arguing that "[a] mere tender of payment does not moot an FLSA claim." ECF No. [16] at 4.

First, as a factual matter, the document attached to Defendants' Motion does not support Defendants' contention that they tendered the full amount of money Plaintiff demanded. *See* ECF No. [15] at 1-2. That document is heavily redacted. However, even the unredacted portions indicate that Plaintiff requested more than $1,427.00. *Id.* Indeed, in their Reply, Defendants reveal that Plaintiff in fact demanded an amount far greater than $1,427.00. ECF No. [19] at 2. Defendants argue that the amount tendered exceeds the amount of Plaintiff's claims under the FLSA and FMWA. ECF No. [19] at 1. They assert that the additional money demanded by Plaintiff was for attorney's fees, which, according to Defendants, the Court can award after dismissing Plaintiff's claims as moot. ECF No. [15] at 1.

Defendants' contention is untenable. It argues that Plaintiff's claims are moot and, thus, no Article III case or controversy remains, yet urges the Court to retain jurisdiction to award Plaintiff attorney's fees. "The FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enterprises, Inc*., 667 F.3d 1199, 1205 (11th Cir. 2012) (*Dionne II*). "Thus, in the absence of a judgment on the merits, to be a

prevailing party [entitled to attorney's fees], the FLSA plaintiff needs a stipulated or consent judgment or its functional equivalent from the district court evincing the court's determination that the settlement is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." *Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013) (quotation marks omitted).

Accordingly, Defendants' tender of damages, which does not include an "offer of judgment," does not constitute full relief under the FLSA. *Johnson v. Miami Dade Cnty.*, No. 16-cv-21658, 2017 WL 1536054, at *2 (S.D. Fla. Mar. 30, 2017); *accord Tapia v. Fla. Cleanex, Inc.*, No. 09-cv-21569, 2012 WL 7965871, at *5 (S.D. Fla. Dec. 7, 2012) ("Defendants' offer, which does not include an offer of judgment, does not constitute full relief of Tapia's FLSA claim."); *see also Zelaya v. Cargo Logistics Grp. United States LLC,* No. 16-cv-23669, 2017 WL 283259, at *3 (S.D. Fla. Jan. 23, 2017) ("Defendants cannot simply tender full payment in order to moot the case and avoid paying attorneys' fees and costs." (quotation marks omitted)).

The cases cited by Defendants fail to support their position. Defendants are correct that the Eleventh Circuit approved a district court's dismissal following a full tender of payment in an FLSA case. *See Dionne v. Floormasters Enterprises, Inc.*, 647 F.3d 1109, 1111 (11th Cir. 2011) (*Dionne I*), *vacated and superseded*, *Dionne II*, 667 F.3d 1199. Crucially, however, unlike the plaintiff in that case, Plaintiff here does not consent to Defendants' motion to dismiss. *See generally* ECF No. [16]; *see also Dionne II*, 667 F.3d at 1206 n.5 (clarifying that the decision in *Dionne* was limited to the narrow circumstance of "an employee who **conceded** that his claim should be dismissed" (emphasis added)). The additional cases cited by Defendants are similarly distinguishable in that the plaintiffs in those cases accepted the defendants' tender. *See Rakip v. Paradise Awning Corp.*, 514 F. App'x 917, 919 (11th Cir. 2013) (parties signed a settlement agreement); *Bilbao v. Brothers Produce Inc.*, No. 13-cv-20535, 2013 WL 1914406, at * 2 (S.D.

4

Fla. 2013) ("The Response admits that [the plaintiff]'s claims . . . are moot because payment was tendered[.]"); *Gathagan v. Rag Shop/Hollywood, Inc*., No. 04-cv-80520, 2005 WL 6504414, at *1 (S.D. Fla. Feb. 10, 2005) ("Plaintiff accepted the tender[.]"). Here, by contrast, Plaintiff has rejected Defendants' tender and vigorously argues against dismissal of her claims.

For the foregoing reasons, this case is not moot. Plaintiff rejected Defendant's tender, which was not a full offer resolving Plaintiff's claims, so a "live controversy" remains. *Friends of Everglades*, 570 F.3d at 1216 (quotation marks omitted).

Lastly, the Court reminds counsel of both parties that "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility." ECF No. [14] at 6. In briefing on this Motion, both parties have fallen short of that standard. *See* ECF. Nos. [16] at 2, [16-1] (attaching an irrelevant order to impugn opposing counsel's character); ECF No. [19] at 10 (baselessly accusing opposing counsel of trying to run up legal fees). Further *ad hominen* attacks directed at opposing counsel will result in sanctions. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1308 (11th Cir. 2002).

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUGED** as follows:

1) Defendants' Motion to Dismiss, ECF No. [15], is **DENIED**.

2) Defendants' Motion to Stay, ECF No. [18], is **DENIED** as moot.

3) Defendants shall file Answers to the Complaint by **August 8, 2022.**

Case No. 22-cv-61076-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 30, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record